9047/PMD

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for American Transport Logistics, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENCHMARK EXPORT SERVICES, INC.<br><br>Plaintiff,<br><br>- against -<br><br>AMERICAN TRANSPORT LOGISTICS, INC.<br><br>Defendant. | 07 CIV 9446<br><br>Judge Stein<br><br>**ANSWER** |

American Transport Logistics, Inc. through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the Complaint with civil number 07 CIV 9446 as follows:

1.    Admits this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333.

2.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Admits Defendant American Transport Logistics, Inc. (hereinafter "ATL"), is a corporation, or other type of business organization, with a place of business located at 1 Woodbridge Center, Suite 430, Woodbridge, New Jersey 07095, and except as specifically admitted, denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint.

7.    Denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.    Admits ATL issued bill of lading number EX4611-01, dated October 1, 2006 and except as so specifically admitted, denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint.

11.    Denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12.    Denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

13.    Denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14.     That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

15.     Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

16.     Any shortage, loss and/or damage to the shipment in suit which defendant specifically denies was due to causes for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.     Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.     That if the good in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which ATL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19.     Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the ATL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21.     The maximum liability of defendant if any, is $500.00 per package as agreed to in the provisions of the bills of lading under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1304(5).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22.     That if the good in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the negligence of the Plaintiff and/or its agents.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23.     That if Plaintiff's cargo suffered any loss or damage, which Defendant ATL denies, then such loss or damage resulted from a cause arising without the actual fault and privity of ATL and without the fault or neglect of the agents or servants of ATL, and ATL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(Q).

WHEREFORE, Defendant American Transport Logistics, Inc. prays that the Complaint against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

- 4 -

Dated: New York, New York
      November 27, 2007

                    CICHANOWICZ, CALLAN, KEANE,
                    VENGROW & TEXTOR, LLP
                    Attorneys for American Transport Logistics, Inc.

                    / s / Patrick Michael DeCharles, II
                      Patrick Michael DeCharles, II (PMD/9984

TO:    Christopher M. Schierlob, Esq.
        Casey & Barnett, LLC
        317 Madison Avenue, 21st Floor
        New York, New York 10017
        Attorneys for Plaintiff
        (212) 286-0225

**CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On November 27, 2007, I served a complete copy of **Defendant American Transport**

**Logistics, Inc.'s Answer** by ECF to the following attorneys at their registered address and by

regular U.S. mail at the following address:

To:     Christopher M. Shierlob, Esq.
        Casey & Barnett, LLC
        317 Madison Avenue, 21st Floor
        New York, New York 10017
        (212) 286-0225
        Attorneys for Plaintiff


                                        / s / Patrick Michael DeCharles, II
                                        Patrick Michael DeCharles, II (PMD/9984



DATED:      November 27, 2007
            New York, New York