# EXHIBIT 1

Christopher M. Schierloh (CS-6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorneys for Plaintiff

**JUDGE STEIN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BENCHMARK EXPORT SERVICES, INC.,

          Plaintiff,

- against -

AMERICAN TRANSPORT LOGISTICS, INC.

          Defendant.

------------------------------------X

07 CIV 9446

2007 Civ.

**COMPLAINT**

OCT 23 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

2. Plaintiff, BENCHMARK EXPORT SERVICES, INC., is a corporation with a place of business located at 108A Erickson Avenue, Essington, Pennsylvania, 19029, engaged in the business of providing international freight forwarding services, and was the insured of a consignment of smoothie base mix shipped aboard the M/V Maersk Carolina, as more fully described below

3. Defendant, AMERICAN TRANSPORT LOGISTICS, INC. (hereinafter "ATL"), is a corporation, or other type of business organization, with a place of business located at 1 Woodbridge Center, Suite 430, Woodbridge, New Jersey 07095, was and is doing business in

1

this jurisdiction directly and/or through an agent, and at all times acting in the capacity of a non vessel owning common carrier (NVOCC).

4. Plaintiff is and was the assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

5. In September, 2006, plaintiff engaged the services of defendant ATL, a non vessel operating common carrier, to provide transportation of a consignment of 1,435 cases of fruit and vegetable smoothie drink mix from New York to Shuwaikh, Kuwait.

6. Due to the perishable nature of the smoothie mix, plaintiff requested that the temperature within the container be maintained at a temperature of 17 degrees Celsius throughout transit.

7. On or about September 19, 2006, defendant sent plaintiff a booking confirmation, confirming that the container would be set at a temperature of 17 degrees Celsius.

8. On or about October 1, 2006, 1,435 cases of smoothie drink mix, laden in container number MWCU6687630, were delivered into the care and custody of the defendant and/or its agents for transportation to Shuwaikh, Kuwait aboard the M/V Maersk Carolina, pursuant to ATL bill of lading number EX4611-01, dated October 1, 2006.

9. Thereafter, the container was loaded aboard the M/V Maersk Carolina and the vessel sailed for its intended destination.

10. When the container arrived at Shuwaikh, Kuwait, it was discovered that the container temperature had been incorrectly set to 17 degrees minus Celsius, instead of 17 degrees Celsius.

2

11. As a result of the exposure to extreme cold, the consignment of fruit and vegetable mix was rendered unfit for consumption and ordered to be destroyed by the Kuwait Department of Food.

12. The damages to the aforementioned smoothie drink mix did not result from any act or omission on the part of the plaintiff, but to the contrary, was the result in whole or in part, of the negligence and/or fault and/or breach of contract and/or breach of bailment by the defendant.

13. By reason of the foregoing, Plaintiff has been damaged in the amount of $55,000, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays that:

1. That process in due form of law may issue against Defendants citing them to appear under oath and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

3. That this court grants to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 23, 2007
299-72

                                                CASEY & BARNETT, LLC
                                                Attorneys for Plaintiff

                                        By: _____
                                            Christopher M. Schierloh (CS-6644)
                                            317 Madison Avenue, 21st Floor
                                            New York, NY 10017
                                            (212) 286-0225

9047/PMD

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for American Transport Logistics, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENCHMARK EXPORT SERVICES, INC.<br><br>Plaintiff,<br><br>- against -<br><br>AMERICAN TRANSPORT LOGISTICS, INC.<br><br>Defendant. | 07 CIV 9446<br><br>Judge Stein<br><br>**ANSWER** |

American Transport Logistics, Inc. through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the Complaint with civil number 07 CIV 9446 as follows:

1. Admits this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Admits Defendant American Transport Logistics, Inc. (hereinafter "ATL"), is a corporation, or other type of business organization, with a place of business located at 1 Woodbridge Center, Suite 430, Woodbridge, New Jersey 07095, and except as specifically admitted, denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint.

7. Denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8. Admits ATL issued bill of lading number EX4611-01, dated October 1, 2006 and except as so specifically admitted, denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint.

11. Denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

15. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

16. Any shortage, loss and/or damage to the shipment in suit which defendant specifically denies was due to causes for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. That if the good in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which ATL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the ATL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. The maximum liability of defendant if any, is $500.00 per package as agreed to in the provisions of the bills of lading under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1304(5).

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. That if the good in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the negligence of the Plaintiff and/or its agents.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23. That if Plaintiff's cargo suffered any loss or damage, which Defendant ATL denies, then such loss or damage resulted from a cause arising without the actual fault and privity of ATL and without the fault or neglect of the agents or servants of ATL, and ATL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(Q).

WHEREFORE, Defendant American Transport Logistics, Inc. prays that the Complaint against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       November 27, 2007

                                      CICHANOWICZ, CALLAN, KEANE,
                                      VENGROW & TEXTOR, LLP
                                      Attorneys for American Transport Logistics, Inc.

                                      / s / Patrick Michael DeCharles, II
                                        Patrick Michael DeCharles, II (PMD/9984)


TO:   Christopher M. Schierlob, Esq.
       Casey & Barnett, LLC
       317 Madison Avenue, 21st Floor
       New York, New York 10017
       Attorneys for Plaintiff
       (212) 286-0225

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen years and I am not a party to this action.

2.  On November 27, 2007, I served a complete copy of **Defendant American Transport Logistics, Inc.'s Answer** by ECF to the following attorneys at their registered address and by regular U.S. mail at the following address:

To:  Christopher M. Shierlob, Esq.
     Casey & Barnett, LLC
     317 Madison Avenue, 21st Floor
     New York, New York 10017
     (212) 286-0225
     Attorneys for Plaintiff

                              / s / Patrick Michael DeCharles, II
                              Patrick Michael DeCharles, II (PMD/9984

DATED:    November 27, 2007
          New York, New York

- 6 -



- Civil*v*
- Criminal*v*
- Query
- Reports*v*
- Utilities*v*
- Search
- Logout

## Answers to Complaints

1:07-cv-09446-SHS Benchmark Export Services, Inc. v. American Transport Logistics, Inc.
ECF

U.S. District Court

United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered by DeCharles, Patrick on 11/27/2007 at 10:01 AM EST and filed on 11/27/2007

| | |
|---|---|
| **Case Name:** | Benchmark Export Services, Inc. v. American Transport Logistics, Inc. |
| **Case Number:** | 1:07-cv-9446 |
| **Filer:** | American Transport Logistics, Inc. |
| **Document Number:** | 5 |

**Docket Text:**
**ANSWER to Complaint. Document filed by American Transport Logistics, Inc..(DeCharles, Patrick)**

**1:07-cv-9446 Notice has been electronically mailed to:**

Patrick Michael DeCharles , II    p.michael2@worldnet.att.net

Christopher M. Schierloh    cms@caseybarnett.com

**1:07-cv-9446 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=11/27/2007] [FileNumber=4032492-0] [32860d0bbed17a8fbb5b2a4736d09311bf48758b140123c0bccf624325f415de9e799740750104060b068ddff98ce749228c034c1d115e38c5d167af101bb515]]