9-08/JTN
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Third-Party Defendant
SAFMARINE, INC.
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Justin T. Nastro, Esq. (JN-2776)
Manuel A. Molina, Esq. (MM-1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BENCHMARK EXPORT SERVICES, INC.,

        Plaintiff,                            07 CV 9446 (SHS)

   -  against  -                      ***THIRD-PARTY DEFENDANT***
                                                ***SAFMARINE'S ANSWER TO***
AMERICAN TRANSPORT LOGISTICS, INC.,    ***THE THIRD-PARTY***
                                                 ***COMPLAINT OF ATL***

        Defendant.
-------------------------------------------------------------x
AMERICAN TRANSPORT LOGISTICS, INC.,

        Defendant/Third-Party Plaintiff,

   -  against  -

SAFMARINE, INC.,

        Third-Party Defendant.
-------------------------------------------------------------x

      Third-Party Defendant, SAFMARINE, INC. (hereinafter "SAFMARINE"), by its attorneys Freehill Hogan & Mahar, LLP, answering the Third-Party Complaint of AMERICAN TRANSPORT LOGISTICS, INC. (hereinafter "ATL") herein, alleges upon information and belief, as follows:

NYDOCS1/298329.1

1. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h).

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Third-Party Complaint.

3. Admits that SAFMARINE is a legal entity, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Denies knowledge or information sufficient to form a belief with respect to Paragraph 4 of the Third-Party Complaint.

5. Denies the allegations contained in Paragraph 5 of the Third-Party Complaint.

6. Denies the allegations contained in Paragraph 6 of the Third-Party Complaint.

7. Denies the allegations contained in Paragraph 7 of the Third-Party Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Third-Party Complaint fails to state a claim and/or cause of action against SAFMARINE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The shipment described in the Third-Party Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions,

limitations, and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Sec. 1300 et seq., and/or the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46 U.S.C. Sec. 181 et seq., and/or the Harter Act, 46 U.S.C. Sec. 190 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which SAFMARINE is not liable by virtue of the terms of the aforementioned legislation.

### *THIRD AFFIRMATIVE DEFENSE*

3. The shipment described in the Third-Party Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bills of lading agreed to be and are bound. Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which SAFMARINE is not liable by virtue of the terms of said dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, including but not limited to the routing of the vessel.

### *FOURTH AFFIRMATIVE DEFENSE*

4. Any loss, damage or shortage to the goods as alleged in the Third-Party Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods.

### *FIFTH AFFIRMATIVE DEFENSE*

5.  If any loss, damage or shortage resulted to the goods as alleged in the Third-Party Complaint, which is denied, SAFMARINE is not liable due to the following provisions (either singularly or in combination) of 46 U.S.C. Sec. 1304 (COGSA):

   (a)  Act, neglect, or default of the master, mariner, pilot, or the servant of the carrier in the navigation or in the management of the ship;

   (b)  Perils, dangers, and accidents of the sea or other navigable waters;

   (c)  Act of God;

   (d)  Act or omission of the shipper or owner of the goods, his agent or representative;

   (e)  Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods;

   (f)  Insufficiency of packing;

   (g)  Insufficiency or inadequacy of marks;

   (h)  Latent defects not discoverable by due diligence;

   (i)  Any other cause arising without the actual fault and privity of the Defendant and without the fault or neglect of the agents or servants of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6. Any loss or damage to the goods as alleged in the Third-Party Complaint, which is denied, occurred when the goods were out of the care, custody and control of SAFMARINE.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any loss or damage to the goods as alleged in the Third-Party Complaint, which is denied, was caused by or contributed to by the Third-Party Plaintiff and/or other third-parties, and not by SAFMARINE.

### EIGHTH AFFIRMATIVE DEFENSE

8. Third-Party Plaintiff is not the real party in interest or proper Plaintiff to assert these claims.

### NINTH AFFIRMATIVE DEFENSE

9. Third-Party Plaintiff has failed to include in its pleadings indispensable parties to the action.

### TENTH AFFIRMATIVE DEFENSE

10. This Court lacks in personam jurisdiction over the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Insufficiency and/or improper service of process over the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12. SAFMARINE's liability, if any, which is specifically denied, is limited by the applicable dock receipt(s), bills of lading, tariff(s) charter(s) and/or contract(s) of affreightment, and/or SAFMARINE's 46 U.S.C. 1304(5) limitation

to $500 per package, or if the goods are not shipped in packages, $500 per customary freight unit.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Third-Party Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or this claim is time barred as per the applicable legislation and/or terms of the subject dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Third-Party Plaintiff failed to minimize or mitigate the damages asserted in the Third-Party Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. This litigation must be dismissed pursuant to a foreign forum selection clause contained in the applicable bill of lading and/or tariff vesting exclusive jurisdiction in a designated foreign nation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Third-Party Complaint should be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. In the event that the Third-Party Plaintiff can prove damages, SAFMARINE maintains that the Third-Party Plaintiff failed to mitigate these damages.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Third-Party Defendant SAFMARINE was at all relevant times acting as agent for its disclosed principal, and as such cannot be held responsible for any loss or damage as claimed.

**WHEREFORE**, Third-Party Defendant SAFMARINE, INC. demands judgment dismissing the Third-Party Complaint herein and that it be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action and such other and different relief as this Court may deem just and proper.

Dated:   New York, New York
         February 8, 2008

                              FREEHILL, HOGAN & MAHAR LLP
                              Attorneys for Third-Party Defendant
                              SAFMARINE, INC.

By: _____
    Justin T. Nastro, Esq. (JN-2776)
    Manuel A. Molina, Esq. (MM-1017)
    80 Pine Street
    New York, New York 10005
    (212) 425-1900

TO:    CICHANOWICZ, CALLAN KEANE,
        VENGROW & TEXTOR, LLP
        Attorneys for Third-Party Plaintiff
        61 Broadway, suite 3000
        New York, New York 10006
        Attention: Patrick Michael DeCharles, Esq.
        (212) 344-7042

        CASEY & BARNETT, LLC
        Attorneys for Plaintiff
        317 Madison Avenue, 21st Floor
        New York, New York 10005
        Attention: Christopher M. Schierlob, Esq.
        (212) 286-0225