9-08/JTN
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Third-Party Defendant
SAFMARINE, INC.
80 Pine Street
New York, New York 10005
(212) 425-1900
Justin T. Nastro, Esq. (JN-2776)
Manuel A. Molina, Esq. (MM-1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BENCHMARK EXPORT SERVICES, INC.,

       Plaintiff,                              07 CV 9446 (SHS)

- against -

                                          ***SAFMARINE'S ANSWER TO***
AMERICAN TRANSPORT LOGISTICS, INC.,   ***COMPLAINT OF PLAINTIFF***
                                          ***BENCHMARK***
       Defendant.
------------------------------------------------------------x
AMERICAN TRANSPORT LOGISTICS, INC.,

       Defendant/Third Party Plaintiff,

- against -

SAFMARINE, INC.,

       Third Party Defendant.
------------------------------------------------------------x

       Third-Party Defendant, SAFMARINE, INC. (hereinafter "SAFMARINE"), by its attorneys Freehill Hogan & Mahar, LLP, answering the Complaint of Plaintiff BENCHMARK EXPORT SERVICES, INC. (hereinafter "BENCHMARK"), alleges upon information and belief, as follows:

NYDOCS1/298703.1

1. Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h), and denies knowledge or information sufficient to form a belief with respect to the remaining allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief with respect to Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Complaint.

10. Denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Denies each and very allegation contained in paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim and/or cause of action against SAFMARINE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The shipment described in the Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. Sec. 1300 et seq., and/or the Limitation of Vessel Owner's Liability Act ("Limitation Act"), 46 U.S.C. Sec. 181 et seq., and/or the Harter Act, 46 U.S.C. Sec. 190 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which SAFMARINE is not liable by virtue of the terms of the aforementioned legislation.

### *THIRD AFFIRMATIVE DEFENSE*

3.  The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bills of lading agreed to be and are bound. Any loss, damage or shortage to the goods, which is denied, was due to a cause or causes for which SAFMARINE is not liable by virtue of the terms of said dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, including but not limited to the routing of the vessel.

### *FOURTH AFFIRMATIVE DEFENSE*

4.  Any loss, damage or shortage to the goods as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods.

### *FIFTH AFFIRMATIVE DEFENSE*

5.  If any loss, damage or shortage resulted to the goods as alleged in the Complaint, which is denied, SAFMARINE is not liable due to the following provisions (either singularly or in combination) of 46 U.S.C. Sec. 1304 (COGSA):

   (a)   Act, neglect, or default of the master, mariner, pilot, or the servant of the carrier in the navigation or in the management of the ship;

(b) Perils, dangers, and accidents of the sea or other navigable waters;

(c) Act of God;

(d) Act or omission of the shipper or owner of the goods, his agent or representative;

(e) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods;

(f) Insufficiency of packing;

(g) Insufficiency or inadequacy of marks;

(h) Latent defects not discoverable by due diligence;

(i) Any other cause arising without the actual fault and privity of the Defendant and without the fault or neglect of the agents or servants of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6. Any loss or damage to the goods as alleged in the Complaint, which is denied, occurred when the goods were out of the care, custody and control of SAFMARINE.

### SEVENTH AFFIRMATIVE DEFENSE

7. Any loss or damage to the goods as alleged in the Complaint, which is denied, was caused by or contributed to by the Plaintiff, the Third-Party Plaintiff and/or other third-parties, and not by SAFMARINE.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff is not the real party in interest or proper party to assert these claims.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff has failed to include in its pleadings indispensable parties to the action.

### TENTH AFFIRMATIVE DEFENSE

10. This Court lacks in personam jurisdiction over the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Insufficiency and/or improper service of process over the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12. SAFMARINE's liability, if any, which is specifically denied, is limited by the applicable dock receipt(s), bills of lading, tariff(s), charter(s) and/or contract(s) of affreightment, and/or SAFMARINE's 46 U.S.C. 1304(5) limitation to $500 per package, or if the goods are not shipped in packages, $500 per customary freight unit.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff failed to give timely notice of the alleged damage, loss or shortage and/or this claim is time barred as per the applicable legislation and/or terms of the subject dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to minimize or mitigate the damages asserted in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. This litigation must be dismissed pursuant to a foreign forum selection clause contained in the applicable bill of lading and/or tariff vesting exclusive jurisdiction in a designated foreign nation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Complaint should be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. In the event that the Plaintiff can prove damages, SAFMARINE maintains that the Plaintiff failed to mitigate these damages.

### NINETEENTH AFFIRMATIVE DEFENSE

19.  SAFMARINE was at all relevant times acting as agent for its disclosed principal, and as such cannot be held responsible for any loss or damage as claimed.

**WHEREFORE**, Third-Party Defendant SAFMARINE, INC. demands judgment dismissing the Complaint herein and that it be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action and such other and different relief as this Court may deem just and proper.

Dated:   New York, New York
         February 8, 2008

                         FREEHILL, HOGAN & MAHAR LLP
                         Attorneys for Third-Party Defendant
                         SAFMARINE, INC.


                         By: _____
                             Justin T. Nastro, Esq. (JN-2776)
                             Manuel A. Molina, Esq. (MM-1017)
                             80 Pine Street
                             New York, New York 10005
                             (212) 425-1900


TO:   CICHANOWICZ, CALLAN KEANE,
      VENGROW & TEXTOR, LLP
      Attorneys for Third-Party Plaintiff
      61 Broadway, suite 3000
      New York, New York 10006
      Attention: Patrick Michael DeCharles, Esq.
      (212) 344-7042

NYDOCS1/298703.1                    8

CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017
Attention: Christopher M. Schierlob, Esq.
(212) 286-0225